Gregory **BOELTER**, Respondent,

v.

**CITY OF HAM LAKE**, Self–Insured/EBA, Relators.

No. C6–91–1486.

Supreme Court of Minnesota.

Feb. 28, 1992.

Rehearing Denied April 1, 1992.

Peter J. Pustorino, Jeffrey J. Lindquist, Pustorino, Pederson, Tilton & Parrington, Minneapolis, for relators.

Thomas D. Mottaz, Anoka, for respondent.

KEITH, Chief Justice.

Certiorari was granted to review a decision of the Workers' Compensation Court of Appeals affirming the weekly wage determination for a volunteer firefighter.

Gregory Boelter was a journeyman carpenter foreman for a construction company and a volunteer firefighter for the City of Ham Lake. He sustained a back injury while performing his duties as a firefighter; and as a result, he was unable to work as a journeyman carpenter foreman or a volunteer firefighter. He did, however, return to work for the construction company but as a construction estimator, a job that paid him less than one-half his preinjury journeyman carpenter foreman wage. Although benefits were initially computed by use of employee's pre-injury weekly wage at the construction company, the city later decided it should use the "imputed wage" of a firefighter in Anoka, a wage substantially less than the construction company wage. A compensation judge from the Office of Administrative Hearings determined that the appropriate preinjury wage, for purposes of calculating temporary benefits, was the average weekly wage at employee's regular employment at the construction company; and the Workers' Compensation Court of Appeals affirmed on appeal. The city contends that *Johnson v. City of Plainview*, 431 N.W.2d 109 (Minn. 1988) requires the use of the imputed wage under Minn.Stat. § 176.011, subd. 3. In *Johnson*, however, the imputed wage was greater than the regular pre-injury employment wage. Since the object of wage basis is "fairness," a volunteer firefighter should have the choice of actual wages or imputed wages for purposes of the wage basis computation.

Affirmed.

The employee is awarded $400 in attorney fees.